IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In re** <br> **CARLOTA SEGOVIA RICONDO,** <br> *Debtor*; <br><br> **CARLOTA SEGOVIA RICONDO,** <br> *Plaintiff*, <br><br> v. <br><br> **CFHA AUGUSTA MEADOWS OWNERS, LLC d/b/a AUGUSTA MEADOWS,** <br> *Defendant* | § § § § § § § § § § § § § § | **Bankruptcy No. 18-36942** <br> **(Chapter 13)** <br><br><br><br> **Adversary Proceeding No. 19-03583** |

**DEFENDANT'S ORIGINAL ANSWER AND
COUNTERCLAIM FOR ATTORNEYS' FEES**

TO THE HONORABLE DAVID R. JONES:

CFHA Augusta Meadows Owners, LLC enters this appearance and respectfully pleads:

**I.
Admissions & Denials**

1. CFHA Augusta Meadows Owners, LLC ("CFHA") admits the factual allegations in Paragraph 1 of Plaintiff's Complaint for Willful Violation of the Automatic Stay, Damages, and Injunction ("the Complaint"). CFHA denies that Plaintiff attempted to resolve the her claim prior to the filing of this adversary proceeding. CFHA neither admits nor denies the rest of Paragraph 1 as it is merely legal argument.

2. CFHA admits the factual allegations, if any, in Paragraph 2 of the Complaint.

3. CFHA admits the factual allegations in Paragraph 3 of the Complaint.

4. CFHA admits the factual allegations in Paragraph 1 of the Background/Facts section of the Complaint.

5. CFHA admits the factual allegations in Paragraph 2 of the Background/Facts section of the Complaint.

6. CFHA admits the factual allegations in Paragraph 3 of the Background/Facts section of the Complaint.

7. CFHA can neither admit nor deny Plaintiff's intent behind filing a voluntary petition in bankruptcy. In all other regards, CFHA admits the factual allegations in Paragraph 4 of the Background/Facts section of the Complaint.

8. CFHA neither admits nor denies the factual allegations in Paragraph 5 of the Background/Facts section of the Complaint regarding the Bankruptcy Noticing Center's alleged mailing of a notice to CFHA at "24215 Kuykendahl, Tomball, TX 77375-5332." In all other respects, CFHA denies the allegations in Paragraph 5.

9. CFHA neither admits nor denies the factual allegations in Paragraph 6 of the Background/Facts section of the Complaint regarding the Bankruptcy Noticing Center's alleged mailing of a notice to CFHA at "24215 Kuykendahl, Tomball, TX 77375-5332." In all other respects, CFHA denies the allegations in Paragraph 6.

10. CFHA denies the factual allegations in Paragraph 7 of the Background/Facts section of the Complaint.

11. CFHA admits the factual allegations of the first sentence of Paragraph 8 of the Background/Facts section of the Complaint. In all other respects, CFHA denies the factual allegations in Paragraph 8.

12. CFHA denies the factual allegations in Paragraph 9 of the Background/Facts section of the Complaint.

13. CFHA admits the factual allegations in Paragraph 10 of the Background/Facts section of the Complaint. However, for the sake of optional completeness, the quote In Paragraph 10 should be placed into its context; it was in response to Plaintiff's e-mail stating, "I apologize for not notifying you regarding May's rent. I was hoping to have It together by now. I am in the process of trying to get a 2nd job to come up with the total amount due. I will keep you updated & again I apologize."

14. CFHA denies the factual allegations in the first sentence of Paragraph 11 of the Background/Facts section of the Complaint. CFHA admits the factual allegations in the second sentence of Paragraph 11.

15. CFHA denies the factual allegations in Paragraph 12 of the Background/Facts section of the Complaint.

16. CFHA denies the factual allegations in Paragraph 13 of the Background/Facts section of the Complaint regarding Notice Numbers 1–3. CFHA admits that it received Notice Number 4 on the date listed.

17. CFHA can neither admit nor deny whether the Plaintiff received notice of the eviction lawsuit because it was served by a deputy constable not under Plaintiff's control. CHFA admits the contents of the pleading it filed in the eviction case. In all other respects CFHA denies the factual allegations in Paragraph 14 of the Background/Facts section of the Complaint.

18. CFHA admits the factual allegations in the first two sentences of Paragraph 15 as to the contents of the letter attached as Exhibit 14. CFHA denies the factual allegations in the remaining parts of Paragraph 15.

19. CFHA admits the factual allegations in the first two sentences of Paragraph 16 of the Background/Facts section of the Complaint. CFHA denies the factual allegations in the remaining parts of Paragraph 16.

20. CFHA neither admits nor denies any of the factual allegations in Paragraph 17 of the Complaint as it should not be required to make an admission or denial regarding settlement discussions under Fed. R. Evid. 408. In all other respects, CFHA denies the factual allegations in Paragraph 17.

21. CFHA denies the factual allegations in Paragraph 18 of the Background/Facts section of the Complaint.

22. CFHA can neither admit nor deny the factual allegations in Paragraph 19 of the Background/Facts section of the Complaint regarding the activities of Plaintiff's counsel. CFHA denies the factual allegations in the last sentence of Paragraph 19.

23. CFHA denies the factual allegations in Paragraph 20 of the Background/Facts section of the Complaint.

24. CFHA admits and denies the factual allegations in Paragraph 21 of the First Cause of Action section of the Complaint as set forth in the preceding paragraphs of this Answer.

25. CFHA admits the factual allegations in Paragraphs 22, 23, and 24 of the First Cause of Action section of the Complaint.

26. CFHA denies the factual allegations in Paragraph 25 of the First Cause of Action section of the Complaint.

27. CFHA denies the factual allegations in Paragraph 26 of the First Cause of Action section of the Complaint.

28. CFHA denies the factual allegations in Paragraph 27 of the First Cause of Action section of the Complaint.

29. CFHA denies the factual allegations in Paragraph 28 of the First Cause of Action section of the Complaint.

30. CFHA admits and denies the factual allegations in Paragraph 29 of the Second Cause of Action section of the Complaint as set forth in the preceding paragraphs of this Answer.

31. CFHA denies the factual allegations in Paragraph 30 of the Second Cause of Action section of the Complaint.

32. CFHA denies the factual allegations in Paragraph 31 of the Third Cause of Action section of the Complaint.

33. CFHA denies the factual allegations in Paragraph 32 of the Third Cause of Action section of the Complaint.

34. CFHA denies the factual allegations in Paragraph 33 of the Third Cause of Action section of the Complaint.

35. CFHA denies the factual allegations in Paragraph 34 of the Third Cause of Action section of the Complaint.

36. CFHA denies the factual allegations in Paragraph 35 of the Third Cause of Action section of the Complaint.

37. CFHA denies the factual allegations in Paragraph 36 of the Third Cause of Action section of the Complaint.

38. CFHA denies the factual allegations in Paragraph 37 of the Third Cause of Action section of the Complaint.

39. CFHA denies the factual allegations in Paragraph 38 of the Third Cause of Action section of the Complaint.

40. CFHA denies the factual allegations in Paragraph 39 of the Enhancement section of the Complaint.

41. CFHA denies the factual allegations in Paragraph 40 of the Third Cause of Action section of the Complaint.

## II.
## Affirmative Defenses

42. Additionally, alternatively, and without waiver of the foregoing, even if the Plaintiff can prove any fact or legal theory, CFHA is not liable because of the following:

   a. **Lack of Notice**. CFHA should not be liable for any willful violation of the automatic stay when it did not have notice of the existence of a bankruptcy case or had reason to believe Plaintiff was in bankruptcy. Specifically, during the time Plaintiff alleges that notices concerning the bankruptcy case were mailed to CFHA, mail delivery to CHFA's office was sporadic and was the subject of an active complaint to the U.S. Postal Service.

   b. **Nonsuit/dismissal of lawsuit**. The eviction lawsuit described in Paragraph 14 of the Background/Facts section of the Complaint was non suited, having the legal effect of causing no harm to the Plaintiff. It is not the place of this Court to scrutinize the pleadings filed in such a matter or to act as an appellate court in a matter where the exclusive jurisdiction exists in the state court.

### III.
### Counterclaim for Atty Fees

43. Additionally, alternatively, and without waiver of the foregoing, should CFHA prevail in defending the claims made by Plaintiff in this adversary proceeding, CFHA is entitled to an award of its reasonable and necessary attorneys' fees incurred in defending against Plaintiff's claims pursuant to Paragraph 32.5 of the lease agreement between Plaintiff and CFHA.[1] (Complaint, Ex. 5).

44. This Court has jurisdiction over the subject matter of this counterclaim pursuant to 28 U.S.C. § 1334(b). The subject matter of this counterclaim constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(B). Moreover, this counterclaim is compulsory under Fed. R. Civ. P. 13(a), made applicable to bankruptcy adversary proceedings by Fed. R. Bankr. P. 7013. There is no constitutional bar to this Court entering final orders regarding this counterclaim. To the extent there may be, CFHA consents to the entry of final orders in this counterclaim by the Bankruptcy Court.

45. CFHA's attorneys' fees are currently contingent and unliquidated; therefore, it respectfully requests a hearing on the same upon the conclusion of the claims brought by the Plaintiff in CFHA's favor.

WHEREFORE, premises considered, CFHA Augusta Meadows Owners, LLC respectfully requests that following a trial on the merits, that the Court enter a judgment in its favor, order that Plaintiff take nothing, award it all reasonable and necessary attorneys' fees incurred in the

---

[1] The automatic stay does not apply to this counterclaim because: (a) it could not have been commenced before the filing of the voluntary petition in the main case, or (b) it did not arise before the commencement of the main bankruptcy case. *See* 11 U.S.C. §§ 362(a)(1), 362(a)(6).

defense of this Adversary Proceeding, and grant it all such further legal and equitable relief which is just.

Respectfully Submitted,

**Pendergraft & Simon, LLP**

/s/ *William P. Haddock*
William P. Haddock
whaddock@pendergraftsimon.com
Texas Bar No. 00793875
S.D. Tex. Adm. No. 19637
2777 Allen Parkway, Suite 800
Houston, TX 77019
Tel. (713) 528-8555
Fax. (713) 868-1267

*Counsel for Defendant*

Of Counsel:

**The Cweren Law Firm, PLLC**

Scott Fournier
sfournier@cwerenlaw.com
Texas Bar No. 24085312
S.D. Tex. Adm. No. 2005489
3311 Richmond Ave., Suite 305
Houston, TX 77098
Tel. (713) 622-2111
Fax. (713) 622-2119

## Certificate of Service

I hereby certify that a true and correct copy of the above Defendant's Original Answer and Counterclaim for Attorneys' Fees has been served on the following counsel/parties of record in accordance with Fed. R. Bankr. P. 9013 and local rules for electronic filing and service on this 2nd day of October 2019:

Service via ECF:

Alex O. Acosta, Counsel for Plaintiff

/s/ *William P. Haddock*
William P. Haddock